UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MS. Q., et al., | ) |
|     Plaintiffs, | ) |
| v. | ) Civil Action. No. 18-2409 (PLF) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | ) |
|     Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion to dismiss. See Dkt. No. 41. Plaintiffs, Ms. Q. and her minor son J., have opposed the motion to dismiss, see Dkt. No. 42; defendants have not filed a reply in support of their motion. Nor have they addressed plaintiffs' request that the Court stay these proceedings pending the outcome of plaintiffs' asylum proceedings. See Response to Show Cause Order, Dkt. No. 44, at 5-6. Accordingly, and for the reasons described below, the Court will stay these proceedings.

Ms. Q. and her minor son J. traveled to the United States in March 2018 to seek asylum from gang violence in El Salvador. Immigration authorities apprehended Ms. Q. and J. shortly after they entered the United States between legal points of entry. Suspecting that Ms. Q. herself was affiliated with a gang, authorities separated her from her son and took J. to a shelter for unaccompanied minors operated by the Office of Refugee Resettlement ("ORR"). In October 2018, plaintiffs filed a complaint seeking declaratory relief and an injunction that would prevent defendants from separating Ms. Q. and J. during the pendency of their asylum petitions. See

Dkt. No. 1.  The next day, plaintiffs filed a motion for a preliminary injunction seeking immediate reunification.  See Dkt. No. 7.  Following oral argument on November 27, 2018, the Court granted the motion for preliminary injunction, and ordered defendants to reunite Ms. Q. and J.  See Dkt. No. 26.  Defendants complied with the Court's Order to reunite Ms. Q. and J. on November 30, 2018, after eight months of confining Ms. Q and her three-year-old child in separate detention facilities.  See Supplemental Status Report, Dkt. No. 29, at 1.  Plaintiffs have now been released from defendants' custody under an alternative to detention program while they pursue their asylum claims.  Response at 11.

Defendants argue that because plaintiffs' claims for relief are premised on their separation, the claims are now moot.  This Court has granted motions to dismiss under related circumstances.  See, e.g., Mejia-Mejia v. U.S. Immigration & Customs Enf't, 2019 WL 4707150, at *2 (D.D.C. Sept. 26, 2019).  Plaintiffs in this matter, however, have provided specific information in support of their claim that a live controversy persists between plaintiffs and defendants.  First, although plaintiffs have been reunited and released, the government explicitly reserved both (1) "all rights to seek review of the [Preliminary Injunction] Order on appeal or otherwise," and (2) "the ability to take action pursuant to any request for provisional arrest or extradition . . . without notice to this Court."  Supplemental Status Report, Dkt. No. 29, at 1.  Second, the initial separation occurred under color of criminal allegations that apparently continue to exist: Ms. Q. and J. did not enter at a legal port of entry, and the government has never retracted its claim that Ms. Q.'s alleged gang affiliation – though premised on a largely discredited group warrant – offers a basis to detain Ms. Q. and to separate her from her son.  Finally, frequent contact between the parties is likely to persist so long as plaintiffs seek asylum – the very time frame identified as the focus of their request for injunctive relief.  That is

because, under the terms of plaintiffs' discretionary release, Ms. Q. must report to an office of the Immigrations and Customs Enforcement ("ICE") every three months.

But the Court need not determine at this time whether these facts constitute a live controversy that could be affected by relief from this Court, or whether, if not, plaintiffs' claims nevertheless may proceed under the "capable of repetition yet evading review" exception to the mootness doctrine. See Response at 42; Planned Parenthood of Wisconsin, Inc. v. Azar, 2019 WL 6121445 at *3 (D.C. Cir. Nov. 19, 2019) ("That exception to mootness applies when (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.").[1] The mootness questions need not be resolved because "[t]he Court has the inherent power to manage its docket and stay proceedings." Juniper Networks, Inc. v. Bahattab, 2011 WL 13262818, at *1 (D.D.C. Mar. 31, 2011) (citing Landis v. North America Co., 299 U.S. 248, 254 (1936). In particular, "a trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Juniper Networks, Inc., v. Bahattab, 2011 WL 13262818 at 1. The Court finds it appropriate to do so here. In the instant case, the outcomes of plaintiffs' asylum petitions, which are currently pending before the Board of Immigration Appeals, are likely either to facilitate resolution of this case or to alter the mootness analysis. Granting a stay in this matter would simply maintain the status quo created by the preliminary injunction, and would not prejudice any party. Indeed,

---

[1] It is clear, however, that another exception to the mootness doctrine – the voluntary cessation exception – is facially inapplicable to this case. Because the government reunited Ms. Q. and J. only upon the explicit order of this Court – and then, only at the last minute, while maintaining their objections – the cessation was definitionally involuntary. Cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that the wrongful behavior will not reoccur.").

3

defendants have not interposed an objection to plaintiffs' suggestion that the case be stayed. Accordingly, it is hereby

ORDERED that this matter is STAYED until further order of this Court; it is

FURTHER ORDERED that defendants' motion to dismiss [Dkt. No. 41] is HELD IN ABEYANCE until further order of this Court; it is

FURTHER ORDERED that the parties shall submit a joint status report on or before January 21, 2020, informing the court of the status of this litigation and the progress of the plaintiffs' asylum proceedings; and it is

FURTHER ORDERED that the parties shall submit a joint status report within seven days of any material change in either plaintiff's asylum or custodial status.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 21, 2019